OPINION
{¶ 1} This appeal from a finding by the trial court that appellant violated the conditions of his probation is the basis for this appeal.
 {¶ 2} Appellant raises three Assignments of Error:
 I. {¶ 3} "The trial court's order to impose suspended jail time violated the appellant's right to counsel and was an error of law."
 II. {¶ 4} "The trial court's failure to appoint counsel and/or inform the appellant of his right to an evidentiary hearing before making a finding that he violated probation, violated the appellant's right to counsel and due process."
 III. {¶ 5} "The trial court abused its discretion by not approving the appellant's statement of facts."
 STATEMENT OF THE FACTS AND CASE {¶ 6} Appellant was charged with driving under the influence on December 24, 2000.
 {¶ 7} On January 3, 2001 he entered, without counsel, a plea of no contest and was sentenced to three days in an intervention program, 180 days incarceration with 177 days suspended, community service and restitution.
 {¶ 8} On November 16, 2001 a show cause decision resulted in the imposition of seven of the suspended jail time days as appellant did not attend the intervention program.
 {¶ 9} A bench warrant was issued on January 9, 2002 for failure to appear at a hearing as to non-payment of fines and costs.
 {¶ 10} As no transcript exists for the plea and sentencing hearing of January 3, 2001 appellant filed a proposed Statement of Evidence.
 {¶ 11} This was amended and filed by the trial court on September 11, 2002.
 III. {¶ 12} Initially we shall address the third Assignment of Error with which we disagree.
 {¶ 13} The affidavit of appellant, for the most part, has little relevance to the events of the hearing of January 3, 2001.
 {¶ 14} As to being advised of the right to counsel and the waiver of rights, he merely states that Ahe does not recall@.
 {¶ 15} Under Appellate Rule 9(E) the court has the authority to provide a statement of the record which it believes to be accurate and is not required to accept that submitted by appellant.
 I., II. {¶ 16} As there is an interrelationship of the first and second Assignments of Error, we shall address these jointly.
 {¶ 17} The first and second Assignments of Error deal with two propositions of law, i.e., (1) being advised of the right to counsel and (2) the right to an evidentiary hearing as to violation of probations.
 {¶ 18} As to the first point, we are not questioning the fact that appellant was advised of the right to counsel at the January 3, 2001 arraignment and sentencing hearing.
 {¶ 19} The trial court's statement of the facts is certainly adequate, particularly with the absence of specifics in the affidavit of appellant. Also, the Assignments of Error did not raise deficiencies as to this hearing, except possibly inferentially in the third Assignment of Error which has been rejected.
 {¶ 20} The first and second Assignments address the revocation hearing of June 17, 2002.
 {¶ 21} In such hearing, the transcript clearly indicates that no discussion occurred as to the right of representation nor was evidence presented, not even minimal testimony under oath by the probation officer as to a violation.
 {¶ 22} While it is true that the trial court can take judicial notice of its record as to payment of costs and fines, if a substantial reason exists for non-compliance, such would not appear. Also, the completion of restitution, unless paid through the court, would not appear, nor, again, any substantial basis for an inability.
 {¶ 23} Criminal Rule 2 provides that a petty offense, as opposed to a serious misdemeanor involves a sentencing of not more than six months incarceration.
 {¶ 24} While the provisions of Crim.R. 11(E) which apply to petty misdemeanors, do not require a colloquy as to constitutional rights applicable to felony or serious misdemeanor cases, such rule not only does not abrogate the requirements of Crim.R. 44(B) and (C) but specifically references such.
 {¶ 25} Such subparagraphs of Crim.R. 44 state:
 {¶ 26} "(B) Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.
 {¶ 27} "(C) Waiver of counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing."
 {¶ 28} In addition, Crim.R. 32.3(A) clearly contemplates a hearing. The presentation of an unsworn statement as to the violation of conditions of probation, while convenient, does not meet the de minimus, requirements of due process.
 {¶ 29} Without a minimal evidentiary hearing nor a waiver we cannot know either the specifics of the true violation of probation nor a knowing waiver thereof.
 {¶ 30} As stated in Argersinger v. Hamlin (1972), 407 U.S. 25:
 {¶ 31} "Absent knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor or felony, unless he was represented by counsel at his trial. U.S.C.A. Const. Amends. 6, 14; 18 U.S.C.A. 3006A(b); Fed. Rules Crim. Proc. rule 44(a), 18 U.S.C.A.; Const.Or. Art 1, 9."
 {¶ 32} We therefore sustain the first and second Assignments of Error and remand this cause for a hearing as to the asserted violations of probation with the opportunity to obtain the advise of counsel.
By: Boggins, J., Hoffman, P.J. and Edwards, J. concur.
Topic: Right to hearing and counsel on revocation proceedings.